**No. 12-55587**

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

DANIEL SEGAL

*Plaintiffs-Appellant,*

v.

ROGUE PICTURES, et al.

*Defendants-Appellees.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
CASE NO. 2:10-CV-05650 DSF (AJWx) (Hon. Dale S. Fischer)

---

**SUPPLEMENTAL EXCERPTS OF RECORD**

---

Joel R. Weiner (SBN 139446)
Gail Migdal Title (SBN 49023)
Gloria C. Franke (SBN 246390)
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:   310.788.4471

*Attorneys for Defendants-Appellees*
ROGUE PICTURES, UNIVERSAL STUDIOS HOME
ENTERTAINMENT LLC, UNIVERSAL STUDIOS HOME
ENTERTAINMENT PRODUCTIONS LLC,  PLATINUM DUNES
PRODUCTIONS, PHANTOM FOUR FILMS, DAVID S. GOYER,
AND JESSIKA BORSICZKY

No. 12-55587

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

DANIEL SEGAL

*Plaintiffs-Appellant*,

v.

ROGUE PICTURES, et al.

*Defendants-Appellees*.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
CASE NO. 2:10-CV-05650 DSF (AJWx) (Hon. Dale S. Fischer)

_____

**SUPPLEMENTAL EXCERPTS OF RECORD**

_____

Joel R. Weiner (SBN 139446)
Gail Migdal Title (SBN 49023)
Gloria C. Franke (SBN 246390)
**KATTEN MUCHIN ROSENMAN LLP**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
Telephone:  310.788.4400
Facsimile:   310.788.4471

*Attorneys for Defendants-Appellees*
ROGUE PICTURES, UNIVERSAL STUDIOS HOME
ENTERTAINMENT LLC, UNIVERSAL STUDIOS HOME
ENTERTAINMENT PRODUCTIONS LLC,  PLATINUM DUNES
PRODUCTIONS, PHANTOM FOUR FILMS, DAVID S. GOYER,
AND JESSIKA BORSICZKY

## TABLE OF CONTENTS

| TAB | DOCKET NO. | DOCUMENT | DATE | PAGE |
|-----|-----|-----|-----|-----|
| A | 4 | Standing Order for Cases Assigned to Judge Dale S. Fischer | 8-2-10 | 1-3 |
| B | 17 | David S. Goyer's Answer to First Amended Complaint | 11-29-10 | 4-16 |
| C | 18 | Universal Studios Home Entertainment LLC and Universal Studios Home Entertainment Productions LLC's Answer to First Amended Complaint | 11-29-10 | 17-20 |
| D | 19 | Rogue Pictures' Answer to First Amended Complaint | 11-29-10 | 21-24 |
| E | 20 | Platinum Dunes Productions' Answer to First Amended Complaint | 11-29-10 | 25-28 |
| F | 21 | Jessika Borsiczky Goyer's Answer to First Amended Complaint | 11-29-10 | 29-32 |
| G | 28 | Order re Jury Trial | 3-28-11 | 33-36 |
| H | 29-2 | Declaration of Rebecca F. Ganz in Support of Defendants' Motion for Judgment on the Pleadings | 7-11-11 | 37-39 |
| I | 29-3 | Defendants' Request for Judicial Notice in Support of Motion for Judgment on the Pleadings | 7-11-11 | 40-45 |
| J | 29-4 | Defendants' Notice of Lodging in Support of Motion for Judgment on the Pleadings | 7-11-11 | 46-47 |
| K | 68-1 | Declaration of Gail Migdal Title in Support of Defendant's Opposition to Plaintiff's Ex Parte Application for Leave to File a Third Amended Complaint | 11-30-11 | 48-57 |

A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL SEGAL, | ) | Case No. CV 10-5650 DSF (FFMx) |
| Plaintiff, | ) ) ) | STANDING ORDER FOR CASES ASSIGNED TO JUDGE DALE S. FISCHER |
| v. | ) ) | |
| ROGUE PICTURES, et al., | ) ) | |
| Defendants. | ) ) ) | |
| ———————————— | ) | |

**READ THIS ORDER CAREFULLY.  IT CONTROLS THIS CASE**

**AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

COUNSEL FOR PLAINTIFF SHALL IMMEDIATELY SERVE THIS

ORDER ON ALL PARTIES, INCLUDING ANY NEW PARTIES TO THE

ACTION.  IF THIS CASE WAS REMOVED FROM STATE COURT, THE

DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON

ALL OTHER PARTIES.

This case has been assigned to the calendar of Judge Dale S. Fischer.

Both the Court and counsel bear responsibility for the progress of litigation in

federal court.  To "secure the just, speedy, and inexpensive determination" of this

revised 11/12/08

1

1  earliest possible time before the date scheduled for the motion or conference to seek
2  the Court's permission to appear by telephone and to make the necessary
3  arrangements. The Court may choose instead to continue the hearing.

4  **11.  Ex Parte Applications**

5      Ex parte applications are solely for extraordinary relief and are rarely justified.
6  *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488
7  (C.D. Cal. 1995). Applications that fail to conform to Local Rules 7-19 and 7-19.1,
8  including a statement of opposing counsel's position, will not be considered. In
9  addition to the requirements of Local Rules 7-19 and 7-19.1, the moving party shall
10  electronically serve the opposing party, if permitted, and shall also advise by
11  telephone that such service has been made. Moving party shall also notify the
12  opposition that opposing papers must be filed no later than twenty-four hours (or one
13  court day) following such facsimile or personal service. If opposing counsel does not
14  intend to oppose the ex parte application, counsel must advise the courtroom deputy
15  clerk by telephone. A conformed Chambers copy of moving, opposition, or notice of
16  non-opposition papers must be hand-delivered to the box outside the entrance to
17  Judge Fischer's Chambers. The Court considers ex parte applications on the papers
18  and usually does not set these matters for hearing. The courtroom deputy clerk will
19  notify counsel of the Court's ruling or a hearing date and time, if the Court
20  determines a hearing is necessary. Sanctions may be imposed for misuse of ex parte
21  applications.

22  **12.  Applications or Stipulations to Extend the Time to File any Required**
23  **Document or to Continue any Date**

24      No stipulation extending the time to file any required document or to continue
25  any date is effective until and unless the Court approves it, or unless the Federal
26  Rules of Civil Procedure provide for an automatic extension. Both applications and
27  stipulations must set forth:

28

revised 11/12/08                    12

Guidelines (which can be found on the Court's website under "Attorney Information> Attorney Admissions"). Counsel are expected to adhere to this standard of conduct. Counsel are required to advise their clients of the terms of this Order.

**CAVEAT:  IF COUNSEL FAIL TO FILE THE REQUIRED JOINT RULE 26(f) REPORT, OR THE REQUIRED PRETRIAL DOCUMENTS, OR IF COUNSEL FAIL TO APPEAR AT THE SCHEDULING CONFERENCE, THE PRETRIAL CONFERENCE, OR ANY OTHER PROCEEDING SCHEDULED BY THE COURT, AND SUCH FAILURE IS NOT SATISFACTORILY EXPLAINED TO THE COURT: (1) THE CAUSE SHALL BE DISMISSED FOR FAILURE TO PROSECUTE, IF SUCH FAILURE OCCURS ON THE PART OF THE PLAINTIFF, (2) DEFAULT (AND THEREAFTER DEFAULT JUDGMENT) SHALL BE ENTERED IF SUCH FAILURE OCCURS ON THE PART OF THE DEFENDANT, OR (3) THE COURT MAY TAKE SUCH ACTION AS IT DEEMS APPROPRIATE.**

Dated: 8/2/10

_____
DALE S. FISCHER
United States District Judge

B

Case 2:10-cv-05650-DSF -FFM   Document 17   Filed 11/29/10   Page 1 of 13   Page ID #:122

1   Joel R. Weiner (SBN 139446)
    Gail Migdal Title (SBN 49023)
2   Gloria C. Franke (SBN 246390)
    KATTEN MUCHIN ROSENMAN LLP
3   2029 Century Park East, Suite 2600
    Los Angeles, CA 90067-3012
4   Telephone:  310.788.4400
    Facsimile:   310.788.4471
5   joel.weiner@kattenlaw.com
    gail.title@kattenlaw.com
6   gloria.franke@kattenlaw.com

7   Attorneys for defendants ROGUE PICTURES, a division
    of Relativity Media, LLC, UNIVERSAL STUDIOS
8   HOME ENTERTAINMENT LLC, UNIVERSAL STUDIOS
    HOME ENTERTAINMENT PRODUCTIONS LLC,
9   PLATINUM DUNES PRODUCTIONS, PHANTOM
    FOUR FILMS, DAVID S. GOYER
10  and JESSIKA BORSICZKY GOYER

11                  **UNITED STATES DISTRICT COURT**

12                  **CENTRAL DISTRICT OF CALIFORNIA**

13                  **WESTERN DIVISION, LOS ANGELES**

14  DANIEL SEGAL, an individual,              )   Case No. CV10 5650 DSF (FFMx)
                                              )
15            Plaintiff,                      )   [Hon. Dale S. Fischer]
                                              )
16  vs.                                       )
                                              )   **DAVID S. GOYER'S ANSWER TO**
17  ROGUE PICTURES, a business entity,        )   **FIRST AMENDED COMPLAINT**
    form unknown, UNIVERSAL STUDIOS           )
18  HOME ENTERTAINMENT LLC, a                 )
    California limited liability company,     )
19  UNIVERSAL STUDIOS HOME                    )
    ENTERTAINMENT PRODUCTIONS                 )
20  LLC, a California limited liability       )
    company, PLATINUM DUNES                   )
21  PRODUCTIONS, a California                 )
    corporation, PHANTOM FOUR FILMS,          )
22  a California corporation, DAVID S.        )
    GOYER, an individual, MICHAEL             )
23  BAY, an individual, ANDREW FORM,          )
    an individual, BRAD FULLER, an            )
24  individual, JESSIKA BORSICZKY             )
    GOYER, an individual, WILLIAM             )
25  BEASLEY, an individual, and DOES 1-       )
    50, inclusive,                            )
26                                            )
              Defendants.                     )
27                                            )
                                              )
28  _____       )

                                         1
                   DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT

31544966v2

4

<div align="center">

**ANSWER**

</div>

1  Defendant David S. Goyer ("Answering Defendant"), through counsel, answers
2  the First Amended Complaint ("FAC") filed by Plaintiff Daniel Segal ("Plaintiff"), as
3  follows:

<div align="center">

INTRODUCTION

</div>

4  1.    In answering paragraph 1 of the FAC, Answering Defendant lacks
5  sufficient information to admit or deny the allegations in this paragraph and on that
6  basis denies each and every allegation set forth therein.

<div align="center">

JURISDICTION AND VENUE

</div>

7  2.    In answering paragraph 2 of the FAC, Answering Defendant admits that
8  the FAC alleges causes of action that purport to arise under the Copyright Laws of the
9  United States and the common law of the State of California.

10  3.    In answering paragraph 3 of the FAC, Answering Defendant admits upon
11  information and belief that this Court has subject matter jurisdiction pursuant to 28
12  U.S.C. §§ 1331, 1338, and 1367.

13  4.    In answering paragraph 4 of the FAC, Answering Defendant admits upon
14  information and belief that venue is proper in this Court.

<div align="center">

PARTIES

</div>

15  5.    In answering paragraph 5 of the FAC, Answering Defendant lacks
16  sufficient information to admit or deny the allegations in this paragraph and on that
17  basis denies each and every allegation set forth therein.

18  6.    In answering paragraph 6 of the FAC, Answering Defendant lacks
19  sufficient information to admit or deny the allegations in this paragraph and on that
20  basis denies each and every allegation set forth therein.

21  7.    In answering paragraph 7 of the FAC, Answering Defendant lacks
22  sufficient information to admit or deny the allegations in this paragraph and on that
23  basis denies each and every allegation set forth therein.

/ / /

<div align="center">

2
**DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT**

</div>

31544966v2

8.    In answering paragraph 8 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

9.    In answering paragraph 9 of the FAC, Answering Defendant admits that Phantom Four Films is a California corporation that transacts business in Los Angeles County, California.

10.    In answering paragraph 10 of the FAC, Answering Defendant admits that he is the director and writer of the film *The Unborn*.  Answering Defendant further admits that he is an individual residing in Los Angeles County, California.

11.    In answering paragraph 11 of the FAC, Answering Defendant admits that Andrew Form is a co-producer of the film *The Unborn*.  Answering Defendant lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 11 and on that basis denies them.

12.    In answering paragraph 12 of the FAC, Answering Defendant admits that Michael Bay is a co-producer of the film *The Unborn*. Answering Defendant lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 12 and on that basis denies them.

13.    In answering paragraph 13 of the FAC, Answering Defendant admits that Brad Fuller is a co-producer of the film *The Unborn*.  Answering Defendant lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 13 and on that basis denies them.

14.    In answering paragraph 14 of the FAC, Answering Defendant admits that Jessika Borsiczky Goyer is credited as a co-executive producer of the film *The Unborn*.  Answering Defendant lacks sufficient information to admit or deny the remaining allegations set forth in paragraph 14 and on that basis denies them.

15.    In answering paragraph 15 of the FAC, Answering Defendant admits that William Beasley is credited as a co-executive producer of the film *The Unborn*.

3

**DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT**

31544966v2

1  Answering Defendant lacks sufficient information to admit or deny the remaining
2  allegations set forth in paragraph 15 and on that basis denies them.

3      16.    In answering paragraph 16 of the FAC, Answering Defendant lacks
4  sufficient information to admit or deny the allegations in this paragraph and on that
5  basis denies each and every allegation set forth therein.

6      17.    In answering paragraph 17 of the FAC, Answering Defendant denies
7  each and every allegation set forth therein.

8                              THE PROTECTED WORK

9      18.    In answering paragraph 18 of the FAC, Answering Defendant lacks
10 sufficient information to admit or deny the allegations in this paragraph and on that
11 basis denies each and every allegation set forth therein.

12     19.    In answering paragraph 19 of the FAC, Answering Defendant lacks
13 sufficient information to admit or deny the allegations in this paragraph and on that
14 basis denies each and every allegation set forth therein.

15     20.    In answering paragraph 20 of the FAC, Answering Defendant lacks
16 sufficient information to admit or deny the allegations in this paragraph and on that
17 basis denies each and every allegation set forth therein.

18     21.    In answering paragraph 21 of the FAC, Answering Defendant lacks
19 sufficient information to admit or deny the allegations in this paragraph and on that
20 basis denies each and every allegation set forth therein.

21     22.    In answering paragraph 22 of the FAC, Answering Defendant lacks
22 sufficient information to admit or deny the allegations in this paragraph and on that
23 basis denies each and every allegation set forth therein.

24     23.    In answering paragraph 23 of the FAC, Answering Defendant lacks
25 sufficient information to admit or deny the allegations in this paragraph and on that
26 basis denies each and every allegation set forth therein.

27 ///
28 ///

Katten
1025 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT

31544966v2

1    24.    In answering paragraph 24 of the FAC, Answering Defendant lacks

2    sufficient information to admit or deny the allegations in this paragraph and on that

3    basis denies each and every allegation set forth therein.

4    <u>DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S SCREENPLAY</u>

5    25.    In answering paragraph 25 of the FAC, Answering Defendant lacks

6    sufficient information to admit or deny the allegations in this paragraph and on that

7    basis denies each and every allegation set forth therein.

8    26.    In answering paragraph 26 of the FAC, Answering Defendant lacks

9    sufficient information to admit or deny the allegations in this paragraph and on that

10    basis denies each and every allegation set forth therein.

11    27.    In answering paragraph 27 of the FAC, Answering Defendant lacks

12    sufficient information to admit or deny the allegations in this paragraph and on that

13    basis denies each and every allegation set forth therein.

14    28.    In answering paragraph 28 of the FAC, Answering Defendant lacks

15    sufficient information to admit or deny the allegations in this paragraph and on that

16    basis denies each and every allegation set forth therein.

17    29.    In answering paragraph 29 of the FAC, Answering Defendant lacks

18    sufficient information to admit or deny the allegations in this paragraph and on that

19    basis denies each and every allegation set forth therein.

20    30.    In answering paragraph 30 of the FAC, Answering Defendant lacks

21    sufficient information to admit or deny the allegations in this paragraph and on that

22    basis denies each and every allegation set forth therein.

23    31.    In answering paragraph 31 of the FAC, Answering Defendant lacks

24    sufficient information to admit or deny the allegations in this paragraph and on that

25    basis denies each and every allegation set forth therein.

26    32.    In answering paragraph 32 of the FAC, Answering Defendant lacks

27    sufficient information to admit or deny the allegations in this paragraph and on that

28    basis denies each and every allegation set forth therein.    Further, Answering

5

**DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT**

31544966v2

1   Defendant denies that the film *The Unborn* is substantially similar to Plaintiff's

2   Screenplay and further denies that he or anyone associated with *The Unborn* copied

3   from Plaintiff's Screenplay.

4        33.   In answering paragraph 33 of the FAC, Answering Defendant admits that

5   he contributed to the screenplays for *Batman Begins*, *The Dark Knight*, and *The Flash*

6   (unproduced). Answering Defendant lacks sufficient information to admit or deny the

7   remaining allegations in this paragraph and on that basis denies each and every

8   allegation set forth therein, except denies the allegations that he has had a long-

9   standing relationship with Mosaic Media, that he wrote numerous screenplays for

10   Mosaic Media, that he was in constant contact with Gloria Fan, that his contributions

11   to the screenplays for *Batman Begins* and *The Dark Knight* were made for Mosaic

12   Media, and that he had access to Plaintiff's Screenplay and copied original elements to

13   the Screenplay in creating the film *The Unborn*.

14        34.   In answering paragraph 34 of the FAC, Answering Defendant denies the

15   allegations set forth in the second sentence of paragraph 34. Answering Defendant

16   lacks sufficient information to admit or deny the remaining allegations in this

17   paragraph and on that basis denies each and every allegation set forth therein.

18        35.   In answering paragraph 35 of the FAC, Answering Defendant denies

19   each and every allegation set forth therein.

20               **FIRST CAUSE OF ACTION**

21      **(For Violation of the Federal Copyright Act, 17 U.S.C. § 101 *et seq.*)**

22              **(Against All Defendants)**

23        36.   In answering paragraph 36 of the FAC, Answering Defendant hereby

24   incorporates by reference the responses set forth above in paragraphs 1 through 35,

25   inclusive, as if fully set forth herein.

26        37.   In answering paragraph 37 of the FAC, Answering Defendant denies

27   each and every allegation set forth therein.

28

**DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT**

31544966v2

1    38.    In answering paragraph 38 of the FAC, Answering Defendant denies

2    each and every allegation set forth therein.

3    39.    In answering paragraph 39 of the FAC, Answering Defendant denies

4    each and every allegation set forth therein.

5    40.    In answering paragraph 40 of the FAC, Answering Defendant denies

6    each and every allegation set forth therein.

7    **SECOND CAUSE OF ACTION**

8    **(Breach of Implied in Fact Contract)**

9    **(Against David S. Goyer)**

10    41.    In answering paragraph 41 of the FAC, Answering Defendant hereby

11    incorporates by reference the responses set forth above in paragraphs 1 through 40,

12    inclusive, as if fully set forth herein.

13    42.    In answering paragraph 42 of the FAC, Answering Defendant denies

14    each and every allegation set forth therein.

15    43.    In answering paragraph 43 of the FAC, Answering Defendant denies

16    each and every allegation set forth therein.

17    44.    In answering paragraph 44 of the FAC, Answering Defendant denies

18    each and every allegation set forth therein.

19    45.    In answering paragraph 45 of the FAC, Answering Defendant denies

20    each and every allegation set forth therein.

21    **AFFIRMATIVE DEFENSES**

22    **First Affirmative Defense**

23    **(Failure to State a Claim)**

24    1.    As a first affirmative defense to the causes of action asserted against

25    Answering Defendant in the FAC, Answering Defendant alleges that the FAC fails to

26    state a claim upon which relief may be granted.

27    / / /

28    / / /

7

**DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT**

31544966v2

### Second Affirmative Defense

#### (Fair Use)

2.    As a second affirmative defense, Answering Defendant affirmatively alleges that if any elements of protectible expression contained in Plaintiff's works were in any manner used or incorporated into the film *The Unborn*, which Answering Defendant expressly denies, such use constitutes a fair use, and Plaintiff is precluded from obtaining any relief therefore.

### Third Affirmative Defense

#### (Scenes A Faire)

3.    As a third affirmative defense, Answering Defendant affirmatively alleges that if any material, concepts or ideas contained in Plaintiff's work were in any manner used or incorporated into the film *The Unborn*, which Answering Defendant expressly denies, Plaintiff is precluded from obtaining any relief therefore because such material, concepts and/or ideas constitute unprotectible scenes a fair and/or stock scenes.

### Fourth Affirmative Defense

#### (Established Facts)

4.    As a fourth affirmative defense, Answering Defendant affirmatively alleges that if any material, concepts or ideas contained in Plaintiff's work were in any manner used or incorporated into the film *The Unborn*, which Answering Defendant expressly denies, Plaintiff is precluded from obtaining any relief therefore because such material, concepts and/or ideas constitute unprotectible established facts.

### Fifth Affirmative Defense

#### (Lack of Novelty)

5.    As a fifth affirmative defense, Answering Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because his ideas were not novel and/or were already known to Answering Defendant.

/ / /

DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT

31544966v2

### Sixth Affirmative Defense

### (Statutes of Limitations)

6.    As a sixth affirmative defense, Answering Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, by the provisions of the applicable statutes of limitation, including but not limited to, the limitations period set forth in 17 U.S.C. § 507(b) and Cal. Civ. Proc. Code § 339.

### Seventh Affirmative Defense

### (Independent Creation)

7.    As a seventh affirmative defense, Answering Defendant affirmatively alleges that Plaintiff's claims are barred, in whole or in part, because the film *The Unborn*, upon which Plaintiff's claims are based, was conceived, created and developed independently of Plaintiff, and without the use of any materials, concepts, ideas or writings allegedly submitted by Plaintiff.

### Eighth Affirmative Defense

### (Non-Protectibility)

8.    As an eighth affirmative defense, Answering Defendant affirmatively alleges that if any material, concepts or ideas contained in Plaintiff's work were in any manner used or incorporated into the film *The Unborn*, which Answering Defendant expressly denies, Plaintiff is precluded from obtaining any relief therefore because such material, concepts and/or ideas do not constitute material protected by the United States, or the State of California, or any other state.

### Ninth Affirmative Defense

### (No Statutory Damages)

9.    As a ninth affirmative defense, Answering Defendant affirmatively alleges that Plaintiff is precluded from recovering statutory damages or attorney's fees for copyright infringement by virtue of 17 U.S.C. § 412.

/ / /

/ / /

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel 310.788.4471 fax

9

DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT

31544966v2

**Tenth Affirmative Defense**

**(No Similarity)**

10.    As a tenth affirmative defense, Answering Defendant affirmatively alleges that Plaintiff is barred from obtaining any relief under his FAC because there is no actionable similarity between Plaintiff's alleged works and the film *The Unborn*.

**Eleventh Affirmative Defense**

**(Public Domain)**

11.    As an eleventh affirmative defense, Answering Defendant affirmatively alleges that Plaintiff is barred from obtaining any relief under his FAC because all of the material, concepts, or ideas which Plaintiff alleges appear in both his own work and the film *The Unborn* are in the public domain and are of no value.

**Twelfth Affirmative Defense**

**(First Amendment)**

12.    As a twelfth affirmative defense, Answering Defendant affirmatively alleges that Plaintiff is barred from obtaining the relief he seeks by the First Amendment to the Constitution of the United States of America and Article I, § 2(a) of the Constitution of the State of California.

**Thirteenth Affirmative Defense**

**(Waiver)**

13.    As a thirteenth affirmative defense, Answering Defendant affirmatively alleges that Plaintiff is barred from obtaining any relief under his FAC because he has knowingly and voluntarily waived the rights he now attempts to assert and/or any claims he may have had.

**Fourteenth Affirmative Defense**

**(Laches)**

14.    As a fourteenth affirmative defense, Answering Defendant affirmatively alleges that Plaintiff, by his actions or inactions upon which the Answering Defendant

10

**DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT**

31544966v2

1  reasonably relied to his detriment, is barred by the doctrine of laches from asserting

2  any claims he may have had.

### Fifteenth Affirmative Defense

### (Lack or Inadequacy of Consideration)

15.    As a fifteenth affirmative defense, Answering Defendant affirmatively alleges that Plaintiff is barred, in whole or in part, from obtaining any relief for breach of implied contract because the purported implied contract fails for lack or inadequacy of consideration.

### Sixteenth Affirmative Defense

### (Lack of Essential Terms/Vagueness)

16.    As a sixteenth affirmative defense, Answering Defendant affirmatively alleges that Plaintiff is barred, in whole or in part, from obtaining any relief for breach of implied contract because the purported implied contract is too indefinite, vague, ambiguous and/or is missing essential terms.

### Seventeenth Affirmative Defense

### (Preemption)

17.    As a seventeenth affirmative defense, Answering Defendant affirmatively alleges that Plaintiff's state law claim is preempted by the Federal Copyright Act.

### Eighteenth Affirmative Defense

### (No Express or Implied Contract)

18.    As an eighteenth affirmative defense, Answering Defendant affirmatively alleges that there was no contract, either express or implied, in law or fact, or any other type of agreement whatsoever between Answering Defendant, on the one hand, and Plaintiff, on the other.

### Additional Affirmative Defenses

Answering Defendant reserves the right to allege affirmative defenses and additional facts supporting his defenses after conducting further discovery, investigation, research and analysis.

11.

### PRAYER FOR RELIEF

WHEREFORE, ANSWERING DEFENDANT prays for relief as follows:

1. That Plaintiff takes nothing by way of the FAC;

2. That judgment be entered in favor of Answering Defendant and against Plaintiff;

3. That Answering Defendant be awarded his costs of suit incurred herein and reasonable attorneys' fees; and

4. Any other relief the Court deems appropriate.

Respectfully submitted,

Dated: November 29, 2010          KATTEN MUCHIN ROSENMAN LLP
                                  Joel R. Weiner
                                  Gail M. Title
                                  Gloria C. Franke


                                  By:    s/ Joel R. Weiner
                                  Attorneys for Defendants ROGUE PICTURES, a
                                  division of Relativity Media, LLC,
                                  UNIVERSAL STUDIOS HOME
                                  ENTERTAINMENT LLC, UNIVERSAL STUDIOS
                                  HOME ENTERTAINMENT PRODUCTIONS LLC,
                                  PLATINUM DUNES PRODUCTIONS, PHANTOM
                                  FOUR FILMS, DAVID S. GOYER and JESSIKA
                                  BORSICZKY GOYER

12

**DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT**

31544966v2

**DEMAND FOR JURY TRIAL**

1

2     Defendant David S. Goyer respectfully demands a trial by jury pursuant to Rule

3 38 of the Federal Rules of Civil Procedure on any and all issues for which they are

4 entitled to a trial by jury.

5

6                         Respectfully submitted,

7 Dated: November 29, 2010     KATTEN MUCHIN ROSENMAN LLP

8                         Joel R. Weiner
                        Gail M. Title

9                         Gloria C. Franke

10

11                         By:    s/ Joel R. Weiner
                        Attorneys for Defendants ROGUE PICTURES, a

12                         division of Relativity Media, LLC,
                        UNIVERSAL STUDIOS HOME

13                         ENTERTAINMENT LLC, UNIVERSAL STUDIOS
                        HOME ENTERTAINMENT PRODUCTIONS LLC,

14                         PLATINUM DUNES PRODUCTIONS, PHANTOM
                        FOUR FILMS, DAVID S. GOYER and JESSIKA

15                         BORSICZKY GOYER

16

17

18

19

20

21

22

23

24

25

26

27

28

13

**DAVID S. GOYER'S ANSWER TO FIRST AMENDED COMPLAINT**

31544966v2

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

C

Case 2:10-cv-05650-DSF -FFM   Document 18   Filed 11/29/10   Page 1 of 13   Page ID #:135

1 | Joel R. Weiner (SBN 139446)
  | Gail Migdal Title (SBN 49023)
2 | Gloria C. Franke (SBN 246390)
  | KATTEN MUCHIN ROSENMAN LLP
3 | 2029 Century Park East, Suite 2600
  | Los Angeles, CA 90067-3012
4 | Telephone:  310.788.4400
  | Facsimile:   310.788.4471
5 | joel.weiner@kattenlaw.com
  | gail.title@kattenlaw.com
6 | gloria.franke@kattenlaw.com

7 | Attorneys for defendants ROGUE PICTURES, a division
  | of Relativity Media, LLC, UNIVERSAL STUDIOS
8 | HOME ENTERTAINMENT LLC, UNIVERSAL STUDIOS
  | HOME ENTERTAINMENT PRODUCTIONS LLC,
9 | PLATINUM DUNES PRODUCTIONS, PHANTOM
  | FOUR FILMS, DAVID S. GOYER
10 | and JESSIKA BORSICZKY GOYER

11 | <center>**UNITED STATES DISTRICT COURT**</center>

12 | <center>**CENTRAL DISTRICT OF CALIFORNIA**</center>

13 | <center>**WESTERN DIVISION, LOS ANGELES**</center>

14 | DANIEL SEGAL, an individual,                )   Case No. CV10 5650 DSF (FFMx)
                                                )
15 |                 Plaintiff,                  )   [Hon. Dale S. Fischer]
                                                )
16 | vs.                                         )
                                                )   **UNIVERSAL STUDIOS HOME**
17 | ROGUE PICTURES, a business entity,          )   **ENTERTAINMENT LLC AND**
    | form unknown, UNIVERSAL STUDIOS            )   **UNIVERSAL STUDIOS**
18 | HOME ENTERTAINMENT LLC, a                   )   **HOME ENTERTAINMENT**
    | California limited liability company,      )   **PRODUCTIONS LLC'S ANSWER**
19 | UNIVERSAL STUDIOS HOME                      )   **TO FIRST AMENDED**
    | ENTERTAINMENT PRODUCTIONS                  )   **COMPLAINT**
20 | LLC, a California limited liability         )
    | company, PLATINUM DUNES                    )
21 | PRODUCTIONS, a California                   )
    | corporation, PHANTOM FOUR FILMS,           )
22 | a California corporation, DAVID S.          )
    | GOYER, an individual, MICHAEL              )
23 | BAY, an individual, ANDREW FORM,            )
    | an individual, BRAD FULLER, an             )
24 | individual, JESSIKA BORSICZKY              )
    | GOYER, an individual, WILLIAM              )
25 | BEASLEY, an individual, and DOES 1-         )
    | 50, inclusive,                             )
26 |                                             )
27 |                 Defendants.                 )
                                                )
28 | _____

<center>1</center>

1      22.   In answering paragraph 22 of the FAC, Answering Defendants lack

2 sufficient information to admit or deny the allegations in this paragraph and on that

3 basis deny each and every allegation set forth therein.

4      23.   In answering paragraph 23 of the FAC, Answering Defendants lack

5 sufficient information to admit or deny the allegations in this paragraph and on that

6 basis deny each and every allegation set forth therein.

7      24.   In answering paragraph 24 of the FAC, Answering Defendants lack

8 sufficient information to admit or deny the allegations in this paragraph and on that

9 basis deny each and every allegation set forth therein.

10     <u>DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S SCREENPLAY</u>

11      25.   In answering paragraph 25 of the FAC, Answering Defendants lack

12 sufficient information to admit or deny the allegations in this paragraph and on that

13 basis deny each and every allegation set forth therein.

14      26.   In answering paragraph 26 of the FAC, Answering Defendants lack

15 sufficient information to admit or deny the allegations in this paragraph and on that

16 basis deny each and every allegation set forth therein.

17      27.   In answering paragraph 27 of the FAC, Answering Defendants lack

18 sufficient information to admit or deny the allegations in this paragraph and on that

19 basis deny each and every allegation set forth therein.

20      28.   In answering paragraph 28 of the FAC, Answering Defendants lack

21 sufficient information to admit or deny the allegations in this paragraph and on that

22 basis deny each and every allegation set forth therein.

23      29.   In answering paragraph 29 of the FAC, Answering Defendants lack

24 sufficient information to admit or deny the allegations in this paragraph and on that

25 basis deny each and every allegation set forth therein.

26 /// 

27 /// 

28

**UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC AND UNIVERSAL STUDIOS HOME
ENTERTAINMENT PRODUCTIONS LLC'S ANSWER TO FIRST AMENDED COMPLAINT**

31545002v1

Katten

1015 Century Park East, Suite 1600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

30.    In answering paragraph 30 of the FAC, Answering Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny each and every allegation set forth therein.

31.    In answering paragraph 31 of the FAC, Answering Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny each and every allegation set forth therein.

32.    In answering paragraph 32 of the FAC, Answering Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny each and every allegation set forth therein. Further, Answering Defendants deny that the film *The Unborn* is substantially similar to Plaintiff's Screenplay and further deny that defendant David S. Goyer or anyone associated with *The Unborn* copied from Plaintiff's Screenplay.

33.    In answering paragraph 33 of the FAC, Answering Defendants admit upon information and belief that David S. Goyer is credited on the films *Batman Begins* and *The Dark Knight*. Answering Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on that basis deny each and every allegation set forth therein, except deny that David S. Goyer had access to Plaintiff's Screenplay and copied original elements to the Screenplay in creating the film *The Unborn*.

34.    In answering paragraph 34 of the FAC, Answering Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny each and every allegation set forth therein.

35.    In answering paragraph 35 of the FAC, Answering Defendants deny each and every allegation set forth therein.

/ / /

/ / /

/ / /

UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC AND UNIVERSAL STUDIOS HOME
ENTERTAINMENT PRODUCTIONS LLC'S ANSWER TO FIRST AMENDED COMPLAINT

31545002v1

3.      That Answering Defendants be awarded their costs of suit incurred herein and reasonable attorneys' fees; and

4.      Any other relief the Court deems appropriate.

Respectfully submitted,

Dated:  November 29, 2010         KATTEN MUCHIN ROSENMAN LLP
Joel R. Weiner
Gail M. Title
Gloria C. Franke


By:    s/ Joel R. Weiner
Attorneys for Defendants ROGUE PICTURES, a division of Relativity Media, LLC, UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC, UNIVERSAL STUDIOS HOME ENTERTAINMENT PRODUCTIONS LLC, PLATINUM DUNES PRODUCTIONS, PHANTOM FOUR FILMS, DAVID S. GOYER and JESSIKA BORSICZKY GOYER

12

UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC AND UNIVERSAL STUDIOS HOME ENTERTAINMENT PRODUCTIONS LLC'S ANSWER TO FIRST AMENDED COMPLAINT

31545002v1

D

1  Joel R. Weiner (SBN 139446)
   Gail Migdal Title (SBN 49023)
2  Gloria C. Franke (SBN 246390)
   KATTEN MUCHIN ROSENMAN LLP
3  2029 Century Park East, Suite 2600
   Los Angeles, CA 90067-3012
4  Telephone:  310.788.4400
   Facsimile:   310.788.4471
5  joel.weiner@kattenlaw.com
   gail.title@kattenlaw.com
6  gloria.franke@kattenlaw.com

7  Attorneys for defendants ROGUE PICTURES, a division
   of Relativity Media, LLC, UNIVERSAL STUDIOS
8  HOME ENTERTAINMENT LLC, UNIVERSAL STUDIOS
   HOME ENTERTAINMENT PRODUCTIONS LLC,
9  PLATINUM DUNES PRODUCTIONS, PHANTOM
   FOUR FILMS, DAVID S. GOYER
10 and JESSIKA BORSICZKY GOYER

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13                **WESTERN DIVISION, LOS ANGELES**

14 DANIEL SEGAL, an individual,              )  Case No. CV10 5650 DSF (FFMx)
                                             )
15          Plaintiff,                       )  [Hon. Dale S. Fischer]
                                             )
16 vs.                                       )
                                             )  **ROGUE PICTURES' ANSWER TO**
17 ROGUE PICTURES, a business entity,        )  **FIRST AMENDED COMPLAINT**
   form unknown, UNIVERSAL STUDIOS           )
18 HOME ENTERTAINMENT LLC, a                 )
   California limited liability company,     )
19 UNIVERSAL STUDIOS HOME                    )
   ENTERTAINMENT PRODUCTIONS                 )
20 LLC, a California limited liability       )
   company, PLATINUM DUNES                   )
21 PRODUCTIONS, a California                 )
   corporation, PHANTOM FOUR FILMS,          )
22 a California corporation, DAVID S.        )
   GOYER, an individual, MICHAEL             )
23 BAY, an individual, ANDREW FORM,          )
   an individual, BRAD FULLER, an            )
24 individual, JESSIKA BORSICZKY             )
   GOYER, an individual, WILLIAM             )
25 BEASLEY, an individual, and DOES 1-       )
   50, inclusive,                            )
26                                           )
            Defendants.                      )
27                                           )
                                             )
28 _____          )

                                    1
                **ROGUE PICTURES' ANSWER TO FIRST AMENDED COMPLAINT**
31541416v6

23.    In answering paragraph 23 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

24.    In answering paragraph 24 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

## DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S SCREENPLAY

25.    In answering paragraph 25 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

26.    In answering paragraph 26 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

27.    In answering paragraph 27 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

28.    In answering paragraph 28 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

29.    In answering paragraph 29 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

30.    In answering paragraph 30 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

31.    In answering paragraph 31 of the FAC, Answering Defendant admits that on January 9, 2009, *The Unborn* opened in approximately 2,357 theaters nationwide

ROGUE PICTURES' ANSWER TO FIRST AMENDED COMPLAINT

31541416v6

1    and grossed approximately $19,810,585 in North America Box Office receipts in its
2    first weekend.

3        32.    In answering paragraph 32 of the FAC, Answering Defendant lacks
4    sufficient information to admit or deny the allegations in this paragraph and on that
5    basis denies each and every allegation set forth therein.    Further, Answering
6    Defendant denies that the film *The Unborn* is substantially similar to Plaintiff's
7    Screenplay and further denies that defendant David S. Goyer or anyone associated
8    with *The Unborn* copied from Plaintiff's Screenplay.

9        33.    In answering paragraph 33 of the FAC, Answering Defendant admits
10   upon information and belief that David S. Goyer is credited on the films *Batman*
11   *Begins* and *The Dark Knight*.   Answering Defendant lacks sufficient information to
12   admit or deny the remaining allegations in this paragraph and on that basis denies each
13   and every allegation set forth therein, except denies that David S. Goyer had access to
14   Plaintiff's Screenplay and copied original elements to the Screenplay in creating the
15   film *The Unborn*.

16       34.    In answering paragraph 34 of the FAC, Answering Defendant lacks
17   sufficient information to admit or deny the allegations in this paragraph and on that
18   basis denies each and every allegation set forth therein.

19       35.    In answering paragraph 35 of the FAC, Answering Defendant denies
20   each and every allegation set forth therein.

21                        **FIRST CAUSE OF ACTION**

22   **(For Violation of the Federal Copyright Act, 17 U.S.C. § 101 *et seq.*)**

23                        **(Against All Defendants)**

24       36.    In answering paragraph 36 of the FAC, Answering Defendant hereby
25   incorporates by reference the responses set forth above in paragraphs 1 through 35,
26   inclusive, as if fully set forth herein.

27       37.    In answering paragraph 37 of the FAC, Answering Defendant denies
28   each and every allegation set forth therein.

6

**ROGUE PICTURES' ANSWER TO FIRST AMENDED COMPLAINT**

31541416v6

23

# PRAYER FOR RELIEF

WHEREFORE, ANSWERING DEFENDANT prays for relief as follows:

1. That Plaintiff takes nothing by way of the FAC;

2. That judgment be entered in favor of Answering Defendant and against Plaintiff;

3. That Answering Defendant be awarded its costs of suit incurred herein and reasonable attorneys' fees; and

4. Any other relief the Court deems appropriate.

Respectfully submitted,

Dated: November 29, 2010      KATTEN MUCHIN ROSENMAN LLP
Joel R. Weiner
Gail M. Title
Gloria C. Franke


By:    s/ Joel R. Weiner
Attorneys for Defendants ROGUE PICTURES, a division of Relativity Media, LLC, UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC, UNIVERSAL STUDIOS HOME ENTERTAINMENT PRODUCTIONS LLC, PLATINUM DUNES PRODUCTIONS, PHANTOM FOUR FILMS, DAVID S. GOYER and JESSIKA BORSICZKY GOYER

11

ROGUE PICTURES' ANSWER TO FIRST AMENDED COMPLAINT

31541416v6

E

Case 2:10-cv-05650-DSF -FFM   Document 20   Filed 11/29/10   Page 1 of 12   Page ID #:160

1  | Joel R. Weiner (SBN 139446)
   | Gail Migdal Title (SBN 49023)
2  | Gloria C. Franke (SBN 246390)
   | KATTEN MUCHIN ROSENMAN LLP
3  | 2029 Century Park East, Suite 2600
   | Los Angeles, CA 90067-3012
4  | Telephone:   310.788.4400
   | Facsimile:    310.788.4471
5  | joel.weiner@kattenlaw.com
   | gail.title@kattenlaw.com
6  | gloria.franke@kattenlaw.com

7  | Attorneys for defendants ROGUE PICTURES, a division
   | of Relativity Media, LLC, UNIVERSAL STUDIOS
8  | HOME ENTERTAINMENT LLC, UNIVERSAL STUDIOS
   | HOME ENTERTAINMENT PRODUCTIONS LLC,
9  | PLATINUM DUNES PRODUCTIONS, PHANTOM
   | FOUR FILMS, DAVID S. GOYER
10 | and JESSIKA BORSICZKY GOYER

11 | **UNITED STATES DISTRICT COURT**

12 | **CENTRAL DISTRICT OF CALIFORNIA**

13 | **WESTERN DIVISION, LOS ANGELES**

14 | DANIEL SEGAL, an individual,                     Case No. CV10 5650 DSF (FFMx)

15 |                Plaintiff,                        [Hon. Dale S. Fischer]

16 | vs.

17 | ROGUE PICTURES, a business entity,        **PLATINUM DUNES**
   | form unknown, UNIVERSAL STUDIOS          **PRODUCTIONS' ANSWER TO**
18 | HOME ENTERTAINMENT LLC, a                 **FIRST AMENDED COMPLAINT**
   | California limited liability company,
19 | UNIVERSAL STUDIOS HOME
   | ENTERTAINMENT PRODUCTIONS
20 | LLC, a California limited liability
   | company, PLATINUM DUNES
21 | PRODUCTIONS, a California
   | corporation, PHANTOM FOUR FILMS,
22 | a California corporation, DAVID S.
   | GOYER, an individual, MICHAEL
23 | BAY, an individual, ANDREW FORM,
   | an individual, BRAD FULLER, an
24 | individual, JESSIKA BORSICZKY
   | GOYER, an individual, WILLIAM
25 | BEASLEY, an individual, and DOES 1-
   | 50, inclusive,
26 |
   |                Defendants.
27 |
28 |

1

**PLATINUM DUNES PRODUCTIONS' ANSWER TO FIRST AMENDED COMPLAINT**

31544964v1

25

Case 2:10-cv-05650-DSF -FFM   Document 20   Filed 11/29/10   Page 5 of 12   Page ID #:164

## DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S SCREENPLAY

25.    In answering paragraph 25 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

26.    In answering paragraph 26 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

27.    In answering paragraph 27 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

28.    In answering paragraph 28 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

29.    In answering paragraph 29 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

30.    In answering paragraph 30 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

31.    In answering paragraph 31 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein.

32.    In answering paragraph 32 of the FAC, Answering Defendant lacks sufficient information to admit or deny the allegations in this paragraph and on that basis denies each and every allegation set forth therein. Further, Answering Defendant denies that the film *The Unborn* is substantially similar to Plaintiff's Screenplay and further denies that defendant David S. Goyer or anyone associated with *The Unborn* copied from Plaintiff's Screenplay.

5

**PLATINUM DUNES PRODUCTIONS' ANSWER TO FIRST AMENDED COMPLAINT**

31544964v1

Case 2:10-cv-05650-DSF -FFM   Document 20   Filed 11/29/10   Page 6 of 12   Page ID #:165

1    33.   In answering paragraph 33 of the FAC, Answering Defendant admits

2    upon information and belief that David S. Goyer is credited on the films *Batman*

3    *Begins* and *The Dark Knight*.  Answering Defendant lacks sufficient information to

4    admit or deny the remaining allegations in this paragraph and on that basis denies each

5    and every allegation set forth therein, except denies that David S. Goyer had access to

6    Plaintiff's Screenplay and copied original elements to the Screenplay in creating the

7    film *The Unborn*.

8    34.   In answering paragraph 34 of the FAC, Answering Defendant lacks

9    sufficient information to admit or deny the allegations in this paragraph and on that

10   basis denies each and every allegation set forth therein.

11   35.   In answering paragraph 35 of the FAC, Answering Defendant denies

12   each and every allegation set forth therein.

### FIRST CAUSE OF ACTION

**(For Violation of the Federal Copyright Act, 17 U.S.C. § 101 *et seq.*)**

**(Against All Defendants)**

16   36.   In answering paragraph 36 of the FAC, Answering Defendant hereby

17   incorporates by reference the responses set forth above in paragraphs 1 through 35,

18   inclusive, as if fully set forth herein.

19   37.   In answering paragraph 37 of the FAC, Answering Defendant denies

20   each and every allegation set forth therein.

21   38.   In answering paragraph 38 of the FAC, Answering Defendant denies

22   each and every allegation set forth therein.

23   39.   In answering paragraph 39 of the FAC, Answering Defendant denies

24   each and every allegation set forth therein.

25   40.   In answering paragraph 40 of the FAC, Answering Defendant denies

26   each and every allegation set forth therein.

27   / / /

28   / / /

6

**PLATINUM DUNES PRODUCTIONS' ANSWER TO FIRST AMENDED COMPLAINT**

31544964v1

3.    That Answering Defendant be awarded its costs of suit incurred herein and reasonable attorneys' fees; and

4.    Any other relief the Court deems appropriate.

Respectfully submitted,

Dated: November 29, 2010        KATTEN MUCHIN ROSENMAN LLP
                                Joel R. Weiner
                                Gail M. Title
                                Gloria C. Franke


                                By:    s/ Joel R. Weiner
                                Attorneys for Defendants ROGUE PICTURES, a
                                division of Relativity Media, LLC,
                                UNIVERSAL STUDIOS HOME
                                ENTERTAINMENT LLC, UNIVERSAL STUDIOS
                                HOME ENTERTAINMENT PRODUCTIONS LLC,
                                PLATINUM DUNES PRODUCTIONS, PHANTOM
                                FOUR FILMS, DAVID S. GOYER and JESSIKA
                                BORSICZKY GOYER

11

**PLATINUM DUNES PRODUCTIONS' ANSWER TO FIRST AMENDED COMPLAINT**

31544964v1

F

1  Joel R. Weiner (SBN 139446)
   Gail Migdal Title (SBN 49023)
2  Gloria C. Franke (SBN 246390)
   KATTEN MUCHIN ROSENMAN LLP
3  2029 Century Park East, Suite 2600
   Los Angeles, CA 90067-3012
4  Telephone:   310.788.4400
   Facsimile:   310.788.4471
5  joel.weiner@kattenlaw.com
   gail.title@kattenlaw.com
6  gloria.franke@kattenlaw.com

7  Attorneys for defendants ROGUE PICTURES, a division
   of Relativity Media, LLC, UNIVERSAL STUDIOS
8  HOME ENTERTAINMENT LLC, UNIVERSAL STUDIOS
   HOME ENTERTAINMENT PRODUCTIONS LLC,
9  PLATINUM DUNES PRODUCTIONS, PHANTOM
   FOUR FILMS, DAVID S. GOYER
10 and JESSIKA BORSICZKY GOYER

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13            WESTERN DIVISION, LOS ANGELES

14 DANIEL SEGAL, an individual,          )   Case No. CV10 5650 DSF (FFMx)
                                         )
15            Plaintiff,                 )   [Hon. Dale S. Fischer]
                                         )
16 vs.                                   )
                                         )   JESSIKA BORSICZKY GOYER'S
17 ROGUE PICTURES, a business entity,    )   ANSWER TO FIRST AMENDED
   form unknown, UNIVERSAL STUDIOS       )   COMPLAINT
18 HOME ENTERTAINMENT LLC, a             )
   California limited liability company, )
19 UNIVERSAL STUDIOS HOME               )
   ENTERTAINMENT PRODUCTIONS            )
20 LLC, a California limited liability   )
   company, PLATINUM DUNES              )
21 PRODUCTIONS, a California            )
   corporation, PHANTOM FOUR FILMS,     )
22 a California corporation, DAVID S.    )
   GOYER, an individual, MICHAEL        )
23 BAY, an individual, ANDREW FORM,     )
   an individual, BRAD FULLER, an       )
24 individual, JESSIKA BORSICZKY        )
   GOYER, an individual, WILLIAM        )
25 BEASLEY, an individual, and DOES 1-  )
   50, inclusive,                        )
26                                       )
              Defendants.                )
27                                       )
                                         )
28                                       )

                                    1
JESSIKA BORSICZKY GOYER'S ANSWER TO FIRST AMENDED COMPLAINT
31544967v1

1    24.    In answering paragraph 24 of the FAC, Answering Defendant lacks
2    sufficient information to admit or deny the allegations in this paragraph and on that
3    basis denies each and every allegation set forth therein.

4    <u>DEFENDANTS' INFRINGEMENT OF PLAINTIFF'S SCREENPLAY</u>

5    25.    In answering paragraph 25 of the FAC, Answering Defendant lacks
6    sufficient information to admit or deny the allegations in this paragraph and on that
7    basis denies each and every allegation set forth therein.

8    26.    In answering paragraph 26 of the FAC, Answering Defendant lacks
9    sufficient information to admit or deny the allegations in this paragraph and on that
10   basis denies each and every allegation set forth therein.

11   27.    In answering paragraph 27 of the FAC, Answering Defendant lacks
12   sufficient information to admit or deny the allegations in this paragraph and on that
13   basis denies each and every allegation set forth therein.

14   28.    In answering paragraph 28 of the FAC, Answering Defendant lacks
15   sufficient information to admit or deny the allegations in this paragraph and on that
16   basis denies each and every allegation set forth therein.

17   29.    In answering paragraph 29 of the FAC, Answering Defendant lacks
18   sufficient information to admit or deny the allegations in this paragraph and on that
19   basis denies each and every allegation set forth therein.

20   30.    In answering paragraph 30 of the FAC, Answering Defendant lacks
21   sufficient information to admit or deny the allegations in this paragraph and on that
22   basis denies each and every allegation set forth therein.

23   31.    In answering paragraph 31 of the FAC, Answering Defendant lacks
24   sufficient information to admit or deny the allegations in this paragraph and on that
25   basis denies each and every allegation set forth therein.

26   32.    In answering paragraph 32 of the FAC, Answering Defendant lacks
27   sufficient information to admit or deny the allegations in this paragraph and on that
28   basis denies each and every allegation set forth therein.    Further, Answering

Katten
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

5

31544967v1

1  Defendant denies that the film *The Unborn* is substantially similar to Plaintiff's
2  Screenplay and further denies that defendant David S. Goyer or anyone associated
3  with *The Unborn* copied from Plaintiff's Screenplay.

4      33.     In answering paragraph 33 of the FAC, Answering Defendant admits
5  upon information and belief that David S. Goyer is credited on the films *Batman*
6  *Begins* and *The Dark Knight*.  Answering Defendant lacks sufficient information to
7  admit or deny the remaining allegations in this paragraph and on that basis denies each
8  and every allegation set forth therein, except denies that David S. Goyer had access to
9  Plaintiff's Screenplay and copied original elements to the Screenplay in creating the
10  film *The Unborn*.

11      34.     In answering paragraph 34 of the FAC, Answering Defendant lacks
12  sufficient information to admit or deny the allegations in this paragraph and on that
13  basis denies each and every allegation set forth therein.

14      35.     In answering paragraph 35 of the FAC, Answering Defendant denies
15  each and every allegation set forth therein.

16                    **FIRST CAUSE OF ACTION**

17    **(For Violation of the Federal Copyright Act, 17 U.S.C. § 101 *et seq.*)**

18                    **(Against All Defendants)**

19      36.     In answering paragraph 36 of the FAC, Answering Defendant hereby
20  incorporates by reference the responses set forth above in paragraphs 1 through 35,
21  inclusive, as if fully set forth herein.

22      37.     In answering paragraph 37 of the FAC, Answering Defendant denies
23  each and every allegation set forth therein.

24      38.     In answering paragraph 38 of the FAC, Answering Defendant denies
25  each and every allegation set forth therein.

26      39.     In answering paragraph 39 of the FAC, Answering Defendant denies
27  each and every allegation set forth therein.

28

**JESSIKA BORSICZKY GOYER'S ANSWER TO FIRST AMENDED COMPLAINT**

31544967v1

3.    That Answering Defendant be awarded her costs of suit incurred herein and reasonable attorneys' fees; and

4.    Any other relief the Court deems appropriate.

Respectfully submitted,

Dated:  November 29, 2010        KATTEN MUCHIN ROSENMAN LLP
                                 Joel R. Weiner
                                 Gail M. Title
                                 Gloria C. Franke


                                 By:    s/ Joel R. Weiner
                                 Attorneys for Defendants ROGUE PICTURES, a
                                 division of Relativity Media, LLC,
                                 UNIVERSAL STUDIOS HOME
                                 ENTERTAINMENT LLC, UNIVERSAL STUDIOS
                                 HOME ENTERTAINMENT PRODUCTIONS LLC,
                                 PLATINUM DUNES PRODUCTIONS, PHANTOM
                                 FOUR FILMS, DAVID S. GOYER and JESSIKA
                                 BORSICZKY GOYER

11

**JESSIKA BORSICZKY GOYER'S ANSWER TO FIRST AMENDED COMPLAINT**

31544967v1

G

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL SEGAL, | ) | CASE NO. CV 10-05650 DSF (FMOx) |
| | ) | **ORDER RE JURY TRIAL** |
| Plaintiff(s), | ) | **I.   ORDER RE DEADLINES:** |
| | ) | A. Adding Parties or Amending |
| v. | ) | Pleadings: November 29, 2011; |
| | ) | B. Discovery Cut-off: March 30, 2012 |
| ROGUE PICTURES, | ) | (Damages) and January 17, 2012 |
| | ) | (Liability); |
| Defendant(s). | ) | C. Expert Witness Exchange Deadline: |
| | ) | Initial: February 17, 2012 |
| | ) | (Damages) and |
| _____ | ) | September 14, 2011 (Liability); |

Rebuttal: October 14, 2011
   (Liability) and March 14, 2012
   (Damages);
Cut-off: January 17, 2012
   (Liability) and
   March 30, 2012 (Damages);

D. Motion Hearing Cut-off:
   February 6, 2012;

E. Settlement Conference Cut-off:
   February 21, 2012;

F. Final Pretrial Conference:
   April 16, 2012 at 3:00 p.m.;

G. Trial Date:
   May 15, 2012 at 8:00 a.m.

**II.   ORDER RE TRIAL
        PREPARATION**

**III.  ORDER GOVERNING
        CONDUCT OF ATTORNEYS
        AND PARTIES**

revised 11-12-08

# I

## DEADLINES

A.    PARTIES/PLEADINGS

The Court has established a cut-off date for adding parties or amending pleadings. All motions to add parties or to amend the pleadings must be noticed to be <u>heard</u> on or before the cut-off date. All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

B.    DISCOVERY AND DISCOVERY CUT-OFF

1. <u>Discovery Cut-off</u>: The Court has established a cut-off date for discovery, including expert discovery, if applicable. This is not the date by which discovery requests must be served; it is the date by which all discovery, <u>including all hearings on any related motions</u>, is to be completed.

2. <u>Discovery Disputes</u>: Counsel are expected to comply with all Local Rules and the Federal Rules of Civil Procedure concerning discovery. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can be found on the Court's website under "Attorney Information> Attorney Admissions").

3. <u>Discovery Motions</u>: Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.

4. <u>Depositions</u>: All depositions shall commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date. Given the requirements to "meet and confer," and notice

revised 11-12-08                              - 2 -

1 requirements, in most cases a planned motion to compel must be discussed with

2 opposing counsel at least six weeks before the cut-off.

3      5. <u>Written Discovery</u>:  All interrogatories, requests for production of

4 documents, and requests for admissions must be served sufficiently in advance of

5 the discovery cut-off date to permit the discovering party enough time to

6 challenge (via motion practice) responses deemed to be deficient.

7      6. <u>Expert Discovery</u>:  All disclosures must be made in writing.  The parties

8 should begin expert discovery shortly after the initial designation of experts.  The

9 final pretrial conference and trial dates will not be continued merely because

10 expert discovery is not completed.  Failure to comply with these or any other

11 orders concerning expert discovery may result in the expert being excluded as a

12 witness.

13     C.    <u>LAW AND MOTION</u>

14      The Court has established a cut-off date for the <u>hearing</u> of motions.  All

15 motions must be noticed so that the <u>hearing</u> takes place on or before the motion

16 cut-off date.  Counsel must provide Chambers with conformed Chambers copies

17 of all documents.  Chambers copies should not be put in envelopes.  Counsel

18 should consult the Court's Standing Order, previously provided, to determine the

19 Court's requirements concerning motions.  A copy of the Standing Order is also

20 available on the Court's website at www.cacd.uscourts.gov>Judges' Procedures

21 and Schedules>Hon. Dale S. Fischer.

22     D.    <u>FINAL PRETRIAL CONFERENCE</u>

23      1. A final pretrial conference date has been set pursuant to Rule 16 of the

24 Federal Rules of Civil Procedure and Local Rule 16-8.  Unless excused for good

25 cause, each party appearing in this action shall be represented at the final pretrial

26 conference by the attorney who is to have charge of the conduct of the trial on

27 behalf of such party.  Counsel should be prepared to discuss streamlining the trial,

28 including presentation of testimony by deposition excerpts or summaries, time

revised 11-12-08          - 3 -

*N.B.* "COUNSEL," AS USED IN THIS ORDER, INCLUDES PARTIES APPEARING *IN PROPRIA PERSONA.*

IT IS SO ORDERED.

DATED: March 28, 2011

_____
Dale S. Fischer
United States District Judge

H

| 1 | Joel R. Weiner (SBN 139446) |
|---|---|
| 2 | Gail Migdal Title (SBN 49023)<br>Gloria C. Franke (SBN 246390) |
| 3 | KATTEN MUCHIN ROSENMAN LLP<br>2029 Century Park East, Suite 2600 |
| 4 | Los Angeles, CA 90067-3012<br>Telephone:  310.788.4400 |
| 5 | Facsimile:   310.788.4471<br>joel.weiner@kattenlaw.com |
| 6 | gail.title@kattenlaw.com<br>gloria.franke@kattenlaw.com |
| 7 | Attorneys for defendants ROGUE PICTURES, a division |
| 8 | of Relativity Media, LLC, UNIVERSAL STUDIOS<br>IIOME ENTERTAINMENT LLC, UNIVERSAL STUDIOS |
| 9 | HOME ENTERTAINMENT PRODUCTIONS LLC,<br>PLATINUM DUNES PRODUCTIONS, PHANTOM |
| 10 | FOUR FILMS, DAVID S. GOYER<br>and JESSIKA BORSICZKY GOYER |

<div align="center">

11

### UNITED STATES DISTRICT COURT

12

### CENTRAL DISTRICT OF CALIFORNIA

13

### WESTERN DIVISION, LOS ANGELES

</div>

| 14 | DANIEL SEGAL, an individual, | ) | CASE NO. 2:10-cv-05650 DSF (AJWx) |
|---|---|---|---|
| 15 | Plaintiff, | ) | |
| 16 | vs. | ) | |
| 17 | ROGUE PICTURES, a business entity, form unknown, UNIVERSAL STUDIOS | ) | **DECLARATION OF REBECCA F.** |
| 18 | HOME ENTERTAINMENT LLC, a California limited liability company, | ) | **GANZ IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| 19 | UNIVERSAL STUDIOS HOME ENTERTAINMENT PRODUCTIONS | ) | |
| 20 | LLC, a California limited liability company, PLATINUM DUNES | ) | DATE:        August 8, 2011 |
| 21 | PRODUCTIONS, a California corporation, PHANTOM FOUR FILMS, | ) | TIME:        1:30 p.m.<br>PLACE:      Courtroom 840 |
| 22 | a California corporation, DAVID S. GOYER, an individual, JESSIKA | ) | |
| 23 | BORSICZKY GOYER, an individual, and DOES 1-50, inclusive, | ) | |
| 24 | Defendants. | ) | |
| 25 | | ) | |

26

27

28

<div align="center">1</div>

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

# DECLARATION OF REBECCA F. GANZ

I, Rebecca F. Ganz, hereby declare as follows:

1.     I am an attorney licensed to practice law in the State of California and before this Court. I am an associate with the law firm Katten Muchin Rosenman LLP ("Katten"), attorneys of record for defendants Rogue Pictures, Universal Studios Home Entertainment LLC, Universal Studios Home Entertainment Productions LLC, Platinum Dunes Productions, Phantom Four Films, David S. Goyer and Jessika Borsiczky Goyer (collectively, "Defendants") in this action. I make this Declaration in support of Defendants' Motion for Judgment on the Pleadings. This declaration is based on my own personal knowledge, and, if called upon as a witness to testify to the facts set forth herein, I could and would do so competently.

2.     In preparation for this Motion, I ordered and received from amazon.com DVD copies of Defendants' film *The Unborn*, a copy of which has been lodged with the Court pursuant to Defendants' Notice of Lodging. (See Notice of Lodging, ¶ 1);

3.     In preparation for this Motion, I ordered and received from barnesandnoble.com copies of Plaintiff's novel *Transfers*, a copy of which has been lodged with the Court pursuant to Defendants' Notice of Lodging. (See Notice of Lodging, ¶ 2b);

4.     In preparation for this Motion, I ordered and received from amazon.com the following well-known works depicting exorcisms, each of which has been lodged with the Court pursuant to Defendants' Notice of Lodging:

- DVD copy of the 1973 the classic and influential 1973 film, *The Exorcist*. (See Notice of Lodging, ¶ 3);
- DVD copy of the 2005 horror film *The Exorcism of Emily Rose*. (See Notice of Lodging, ¶ 4).

5.     In preparation for this Motion, I ordered and received from amazon.com the following well-known work depicting a haunted twin, a copy of which has been lodged with the Court pursuant to Defendants' Notice of Lodging:

Case 2:10-cv-05650-DSF -AJW    Document 29-2    Filed 07/11/11    Page 3 of 3    Page ID
#:273

1      • DVD copy of the 1972 psychological horror film, *The Other*, based on

2         a novel of the same name. (See Notice of Lodging, ¶ 5).

3      6.    In preparation for this Motion, I printed a copy of Plaintiff's screenplay

4   *Transfers*, which was provided to our offices by Plaintiff's counsel, Steven Lowe, at

5   our request and which has been lodged with the Court pursuant to Defendants' Notice

6   of Lodging. (See Notice of Lodging, ¶ 2a.)

7      I declare under penalty of perjury under the laws of the United States of

8   America that the foregoing is true and correct.

9      Executed on July 11, 2011 at Los Angeles, CA.

10

11                    /s/ Rebecca F. Ganz

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

31565275_343123_00001                    3                    2:10-cv-05650 DSF (AJWx)

1  Joel R. Weiner (SBN 139446)
   Gail Migdal Title (SBN 49023)
2  Gloria C. Franke (SBN 246390)
   KATTEN MUCHIN ROSENMAN LLP
3  2029 Century Park East, Suite 2600
   Los Angeles, CA 90067-3012
4  Telephone:   310.788.4400
   Facsimile:   310.788.4471
5  joel.weiner@kattenlaw.com
   gail.title@kattenlaw.com
6  gloria.franke@kattenlaw.com

7  Attorneys for defendants ROGUE PICTURES, a division
   of Relativity Media, LLC, UNIVERSAL STUDIOS
8  HOME ENTERTAINMENT LLC, UNIVERSAL STUDIOS
   HOME ENTERTAINMENT PRODUCTIONS LLC,
9  PLATINUM DUNES PRODUCTIONS, PHANTOM
   FOUR FILMS, DAVID S. GOYER
10 and JESSIKA BORSICZKY GOYER

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13              **WESTERN DIVISION, LOS ANGELES**

14  DANIEL SEGAL, an individual,          )  CASE NO. 2:10-cv-05650 DSF (AJWx)
                                          )
15               Plaintiff,               )
                                          )
16  vs.                                   )
                                          )  **DEFENDANTS' REQUEST FOR**
17  ROGUE PICTURES, a business entity,    )  **JUDICIAL NOTICE IN SUPPORT OF**
    form unknown, UNIVERSAL STUDIOS )  **MOTION FOR JUDGMENT ON THE**
18  HOME ENTERTAINMENT LLC, a             )  **PLEADINGS**
    California limited liability company, )
19  UNIVERSAL STUDIOS HOME                )
    ENTERTAINMENT PRODUCTIONS             )
20  LLC, a California limited liability   )
    company, PLATINUM DUNES               )  DATE:      August 8, 2011
21  PRODUCTIONS, a California             )  TIME:      1:30 p.m.
    corporation, PHANTOM FOUR FILMS, )  PLACE:     Courtroom 840
22  a California corporation, DAVID S.    )
    GOYER, an individual, JESSIKA         )
23  BORSICZKY GOYER, an individual,       )
    and DOES 1-50, inclusive,            )
24                                        )
                 Defendants:              )
25  _____  )

26

27

28

1

1  Defendants Rogue Pictures, Universal Studios Home Entertainment LLC,

2  Universal Studios Home Entertainment Productions LLC, Platinum Dunes

3  Productions, Phantom Four Films, David S. Goyer and Jessika Borsiczky Goyer

4  (collectively, "Defendants") request that the Court take judicial notice of the following

5  facts pursuant to Federal Rule of Evidence 201. Each of these facts is generally

6  known within the jurisdiction of the Court and/or is capable of accurate and ready

7  determination by the works attached hereto, the accuracy of which cannot be

8  reasonably questioned:

9  **THE WORKS AT ISSUE**[1]

10  1. The content of the film *The Unborn*. A DVD copy of the theatrical

11  version is being lodged with the Court. (Notice of Lodging, ¶ 1.)

12  2. The content of Plaintiff's work *Transfers*. Both the screenplay and

13  novel versions of this work are being lodged with the Court. (Notice of Lodging, ¶¶

14  2a, 2b.)

15  **COMMON ELEMENTS IN THE HORROR GENRE**

16  A comparison of the works at issue compels the conclusion that the two works

17  lack any protectable similarity and Defendants' motion for judgment on the pleadings

18  should be granted. However, as further support for their motion, Defendants request

19  judicial notice that:

20  3. Works depicting exorcisms to get rid of unwanted demons or evil spirits

21  are common and prevalent, examples of which include, among many others, the

22  following:

23

24

---

25  [1] As Plaintiff's screenplay and novel and Defendants' allegedly infringing film are

26  referenced in the First Amended Complaint and form the basis of Plaintiff's claim of copyright infringement, the works are properly before the court under the doctrine of incorporation and are considered to within the scope of the pleadings for ruling on a

27  12(c) motion. Zella v. E.W. Scripps Co., 529 F. Supp. 2d 1124, 1139 (C.D. Cal. 2007) (Collins, J.); Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005); Branch

28  v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994). Out of an abundance of caution, Defendants also request judicial notice of the content of the works.

Katten

1        (a)    *The Exorcist,* the classic and influential 1973 film directed by

2 William Friedkin, features a young girl who becomes haunted by demons and

3 develops terrifying physical symptoms. When doctors are unable to diagnose her

4 ailment, the girl's mother enlists two priests to perform an exorcism. A DVD copy of

5 the movie is lodged concurrently herewith. (Notice of Lodging, ¶ 3.)

6        (b)    *The Exorcism of Emily Rose,* a 2005 film about a young woman

7 who allegedly becomes possessed by demons. The doctors diagnose her with

8 epilepsy, but Emily continues to suffer physical symptoms even with medication. She

9 turns to her family's priest, who performs an exorcism. Emily dies after the failed

10 exorcism. A DVD copy of the movie is lodged concurrently herewith. (Notice of

11 Lodging, ¶ 4.)

12     4.    The following elements are common and prevalent in "horror" genre

13 films:

14        (a) the lead character, often female, is haunted by demons or evil spirits;

15        (b) the demons or evil spirits cause the lead character to experience

16 physical symptoms;

17        (c) the lead character relies on friends or family for support;

18        (d) exorcisms are a tool used to repel demons or evil spirits that seek to

19 take over the lead character.

20     5.    The idea of a horror story depicting a haunted twin is also not original.

21 In *The Other,* a 1972 psychological horror film based on the novel of the same title,

22 twin boys, Niles and Holland, live with their extended family on a farm. Family

23 members and a neighbor begin to die mysteriously. Eventually, the viewer learns that

24 Holland has been dead for several months, and the living twin, Niles, has been taking

25 on Holland's persona and committing the evil acts as Holland. A DVD copy of the

26 movie is lodged concurrently herewith. (Notice of Lodging, ¶ 5.)

27 / / /

28 / / /

**LEGAL AUTHORITY**

1    Federal Rule of Evidence 201(b) provides that a judicially noticed fact must be

2    "one not subject to reasonable dispute in that it is either (1) generally known within

3    the territorial jurisdiction of the trial court or (2) capable of accurate and ready

4    determination by resort to sources whose accuracy cannot reasonably be questioned."

5    F.R.E. 201(b).  Judicial notice is mandatory if requested by a party and the court is

6    supplied with the necessary information.  F.R.E. 201(d).  Judicial notice is otherwise

7    discretionary, and may be taken whether requested or not.  F.R.E. 201(c).

8    Each of the facts for which Defendants request judicial notice meet one or both

9    of the standards for judicial notice, either one of which would be sufficient.

10    First, since their contents are alleged in the FAC and their authenticity is not in

11    question, the Court may take judicial notice of Plaintiff's novel and screenplay

12    *Transfers* and Defendants' film *The Unborn*.  See Wild v. NBC Universal, Inc., -- F.

13    Supp. 2d --, 2011 WL 2182420, *2  n.1 (C.D. Cal. 2011) (Feess, J.) (Plaintiff's work

14    and Defendants' allegedly infringing work were before the court pursuant to

15    Defendants' request for judicial notice); Capcom Co., Ltd. v. MKR Group, Inc., No. C

16    08-0904, 2008 WL 4661479, at *3 (N.D. Cal. Oct. 20, 2008) (same); Scott v. Meyer,

17    09-cv-6076 ODW (RZx) (Doc. No. 20, at p. 4 of 11) (C.D. Cal. November 24, 2009)

18    (same); Zella, 529 F. Supp. 2d at 1129.

19    In addition, the Court may take judicial notice of types and elements of works

20    that are common and prevalent in the jurisdiction of the Court, such as the common

21    elements of stories involving exorcisms and the prevalence of works incorporating

22    exorcisms and haunted twins. (See Facts Nos. 3-5, supra.)  Indeed, in a copyright

23    infringement case involving claims of infringement against the producers of the

24    *Rachael Ray* television show, Judge Audrey Collins found it proper to judicially

25    notice "elements of a television show [that] are common and prevalent in public

26    works." Zella, 529 F. Supp. 2d at 1129 (court took judicial notice that a host, guest

27    celebrities, interviews and cooking segments are elements of a television show that are

Case 2:10-cv-05650-DSF -AJW   Document 29-3   Filed 07/11/11   Page 5 of 6   Page ID #:278

1   common and prevalent in public works). <u>See also</u>, <u>Walker v. Time Life Films, Inc.</u>,

2   615 F. Supp. 430, 438 (S.D.N.Y. 1985) (taking judicial notice that "members of the

3   New York Police Department are often portrayed as Irish, smokers, drinks, and third

4   or fourth generation police officers"); <u>Goldberg v. Cablevision Sys. Corp.</u>, 261 F.3d

5   318, 328 (2d Cir. 2001) (court took judicial notice of the common practice for

6   educational and ideological programs aired on television and radio to conclude with

7   an offer of or directions for obtaining a transcript or duplicate tape of the program);

8   <u>Willis v. Home Box Office</u>, 2001 WL 1352916, at *2 (S.D.N.Y.) ("It does not strain

9   the concept of judicial notice to observe that books, movies and television series are

10   full of such unethical men and women in a variety of businesses.").

11       As to the specific works identified in Fact Nos. 4 and 5, the Court may take

12   judicial notice of these generally known works and their contents. <u>See, e.g.</u>,

13   <u>Twentieth Century Fox Film Corp. v. Marvel Enter., Inc.</u>, 155 F. Supp. 2d 1, 41 n. 71

14   (S.D.N.Y. 2001) (taking judicial notice of the film *Star Wars* pursuant to Rule

15   201(b)(1) stating, "*Star Wars* is one of the most well-known and widely viewed

16   science fiction films"); <u>Sobhani v. @Radical Media, Inc.</u>, 257 F. Supp. 2d 1234, 1235

17   n. 1 (C. D. Cal. 2003) (taking judicial notice of the "popular motion picture" *Cast*

18   *Away* and commercials for Jack-in-the-Box pursuant to Rule 201(b)(1)); <u>Gal v.</u>

19   <u>Viacom Intern., Inc.</u>, 518 F. Supp. 2d 526, 546-47 (S.D.N.Y. 2007) (taking judicial

20   notice of specific works cited by Defendants as featuring corporate greed in the

21   pharmaceutical industry and centering around the development of miracle drugs);

22   <u>Wild</u>, -- F. Supp. 2d --, 2011 WL 2182420, *1, 11, 17, n. 10 (referencing a number of

23   works, including Ray Bradbury's *Something Wicked This Way Comes*, the *Harry*

24   *Potter* series, *Star Trek*, the *Lost* television series, and *Snow White*).

25   / / /

26   / / /

27   / / /

28   / / /

Katten

1    Since every item that is the subject of the instant Request for Judicial Notice is

2  either generally known within the jurisdiction or "capable of accurate and ready

3  determination by resort to sources whose accuracy cannot reasonably be questioned"

4  as required under Rule 201(b), the Court should grant Defendants' Request for

5  Judicial Notice in its entirety.

6                                        Respectfully submitted,

7  Dated: July 11, 2011                   KATTEN MUCHIN ROSENMAN LLP

8                                         Gail Migdal Title
                                          Joel R. Weiner
9                                         Gloria C. Franke

10
                                          By:   /s/ Joel R. Weiner
11                                         Attorneys for defendants ROGUE PICTURES,
12                                         LLC, UNIVERSAL STUDIOS HOME
                                           ENTERTAINMENT LLC, UNIVERSAL
13                                         STUDIOS HOME ENTERTAINMENT
14                                         PRODUCTIONS LLC, PLATINUM DUNES
                                           PRODUCTIONS, PHANTOM FOUR FILMS,
15                                         DAVID S. GOYER and JESSIKA
16                                         BORSICZKY GOYER

17

18

19

20

21

22

23

24

25

26

27

28

J

```
 1  Joel R. Weiner (SBN 139446)
    Gail Migdal Title (SBN 49023)
 2  Gloria C. Franke (SBN 246390)
    KATTEN MUCHIN ROSENMAN LLP
 3  2029 Century Park East, Suite 2600
    Los Angeles, CA 90067-3012
 4  Telephone:  310.788.4400
    Facsimile:   310.788.4471
 5  joel.weiner@kattenlaw.com
    gail.title@kattenlaw.com
 6  gloria.franke@kattenlaw.com

 7  Attorneys for defendants ROGUE PICTURES, a division
    of Relativity Media, LLC, UNIVERSAL STUDIOS
 8  HOME ENTERTAINMENT LLC, UNIVERSAL STUDIOS
    HOME ENTERTAINMENT PRODUCTIONS LLC,
 9  PLATINUM DUNES PRODUCTIONS, PHANTOM
    FOUR FILMS, DAVID S. GOYER
10  and JESSIKA BORSICZKY GOYER
```

<div align="center">

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION, LOS ANGELES**

</div>

| | |
|---|---|
| DANIEL SEGAL, an individual, | CASE NO. 2:10-cv-05650 DSF (AJWx) |
| Plaintiff, | **DEFENDANTS' NOTICE OF LODGING IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS:** |
| vs. | |
| ROGUE PICTURES, a business entity, form unknown, UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC, a California limited liability company, UNIVERSAL STUDIOS HOME ENTERTAINMENT PRODUCTIONS LLC, a California limited liability company, PLATINUM DUNES PRODUCTIONS, a California corporation, PHANTOM FOUR FILMS, a California corporation, DAVID S. GOYER, an individual, JESSIKA BORSICZKY GOYER, an individual, and DOES 1-50, inclusive, | **1. WORKS REFERENCED IN PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**2. OTHER WORKS REFERENCED IN REQUEST FOR JUDICIAL NOTICE** |
| Defendants. | DATE:        August 8, 2011<br>TIME:        1:30 p.m.<br>PLACE:      Courtroom 840 |

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

<div align="center">1</div>

**TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

    **PLEASE TAKE NOTICE** that on July 11, 2011, in conjunction with their electronically-filed Motion for Judgment on the Pleadings and Request for Judicial Notice in support thereof, defendants Rogue Pictures, Universal Studios Home Entertainment LLC, Universal Studios Home Entertainment Productions LLC, Platinum Dunes Productions, Phantom Four Films, David S. Goyer and Jessika Borsiczky Goyer (collectively, "Defendants") lodged the following physical exhibits with the Court:

<u>Compendium of Works Referenced in Plaintiff's First Amended Complaint</u>

    1.    DVD of the film *The Unborn.*

    2.    Plaintiff's *Transfers*:

        a.    A copy of the *Transfers* screenplay.

        b.    A copy of the *Transfers* novel.

<u>Compendium of Other Works Referenced in Defendants' Request for Judicial Notice</u>

    3.    DVD copy of the 1973 film *The Exorcist.*

    4.    DVD copy of the 2005 film *The Exorcism of Emily Rose.*

    5.    DVD copy of the 1972 film *The Other.*

                         Respectfully submitted,

Dated: July 11, 2011          KATTEN MUCHIN ROSENMAN LLP
                              Gail Migdal Title
                              Joel R. Weiner
                              Gloria C. Franke

                              By:   /s/ Joel R. Weiner
                              Attorneys for defendants ROGUE PICTURES, LLC, UNIVERSAL STUDIOS HOME ENTERTAINMENT LLC, UNIVERSAL STUDIOS HOME ENTERTAINMENT PRODUCTIONS LLC, PLATINUM DUNES PRODUCTIONS, PHANTOM FOUR FILMS, DAVID S. GOYER and JESSIKA BORSICZKY GOYER

Katten
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel    310.788.4471 fax

2

K

1  Joel R. Weiner (SBN 139446)
   Gail Migdal Title (SBN 49023)
2  Gloria C. Franke (SBN 246390)
   KATTEN MUCHIN ROSENMAN LLP
3  2029 Century Park East, Suite 2600
   Los Angeles, CA 90067-3012
4  Telephone:  310.788.4400
   Facsimile:   310.788.4471
5  joel.weiner@kattenlaw.com
   gail.title@kattenlaw.com
6  gloria.franke@kattenlaw.com

7  Attorneys for defendant
   DAVID S. GOYER

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11            WESTERN DIVISION, LOS ANGELES

12  DANIEL SEGAL, an individual,        )  CASE NO. 2:10-cv-05650 DSF (AJWx)
                                        )
13            Plaintiff,                )
                                        )  DECLARATION OF GAIL MIGDAL
14  vs.                                 )  TITLE IN SUPPORT OF
                                        )  DEFENDANT'S OPPOSITION TO
15  DAVID S. GOYER, an individual, and  )  PLAINTIFF'S *EX PARTE*
    DOES 1-50, inclusive,               )  APPLICATION FOR LEAVE TO
16                                      )  FILE A THIRD AMENDED
                                        )  COMPLAINT
17            Defendants.               )
                                        )
18

19

20

21

22

23

24

25

26

27

28

31604543_343123_00001                 1                2:10-cv-05650 DSF (AJWx)

48

## DECLARATION OF GAIL MIGDAL TITLE

I, Gail Migdal Title, declare as follows:

1.    I am an attorney at law duly licensed to practice before all the courts in the State of California and this United States District Court. I am a partner of the law firm of Katten Muchin Rosenman LLP, counsel of record for defendant David S. Goyer. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.    Plaintiff Daniel Segal ("Plaintiff") filed this case on July 29, 2010. On September 3, 2010, Plaintiff filed his First Amended Complaint ("FAC"). The FAC alleged that the motion picture *The Unborn* infringed Plaintiff's copyright in his novel and screenplay *Transfers*. The defendants in the copyright action included the writer of the screenplay, David Goyer; and the producer of the motion picture, Rogue Pictures. The FAC also alleged a breach of implied contract claim against defendant Goyer only.

3.    On July 11, 2011, having finally received a copy of the Plaintiff's screenplay and expert report, defendant filed a Motion for Judgment on the Pleadings. In an order dated August 19, 2011 ("Order"), the Court granted defendant's Motion for Judgment on Pleadings. The Court dismissed with prejudice Plaintiff's claim for copyright infringement against all defendants. The Court dismissed Plaintiff's remaining claim against Goyer for breach of implied contract with leave to amend "if he can do so in compliance with Rule 11."

4.    Plaintiff's breach of implied contract claim was based on an alleged submission of his work in January 2007 (albeit to an unrelated third party Gloria Fan, an executive at non-party Mosaic Media). Accordingly, even prior to the hearing on defendant's Motion for Judgment on the Pleadings, this firm produced to Plaintiff's counsel documents, including emails from Goyer, establishing that the central elements of *The Unborn* had been created prior to Plaintiff's purported submission, and requested that Plaintiff voluntarily dismiss his claims. Specifically, those

2

1    documents included an email dated August 10, 2006 setting forth certain central

2    elements of *The Unborn* and an email dated December 13, 2006 from Goyer to his

3    assistant attaching a 24-page outline for *The Unborn*. Following receipt of the Court's

4    Order, I renewed our efforts to persuade Plaintiff's counsel to dismiss the action based

5    on, among other things, the independent creation evidenced by Goyer's emails.

6        5.    Unfortunately, Plaintiff's counsel refused to accept the authenticity of

7    Goyer's emails.    On September 27, 2011, Plaintiff filed a Second Amended

8    Complaint.    Accordingly, in an effort to dispose of this matter without undue

9    expenditure of the Court's and counsel's resources, Goyer permitted Plaintiff's

10   computer expert to come to his home and examine his computer and the emails at

11   issue to confirm that, in fact, the dates thereon were authentic.   The examination was

12   conducted on October 19, 2011.   Gloria Franke, an associate at this firm working on

13   this matter, observed the examination.

14       6.    Based on the computer expert's confirmation of the authenticity of the

15   emails and the dates thereon, Plaintiff's counsel filed a Request for Dismissal without

16   prejudice on October 27, 2011.   On October 27, 2011, this firm filed a request that the

17   dismissal be with prejudice in light of all the foregoing facts.   On November 7, 2011,

18   this Court issued the following order denying both requests for dismissal: "As

19   defendant has objected to the request for dismissal without prejudice, the request is

20   denied.   If no new request is submitted by November 16, the pretrial and trial dates are

21   reinstated."

22       7.    Counsel for Plaintiff and for Goyer thereafter entered into discussions in

23   an attempt to agree on the nature of the dismissal, i.e., with or without prejudice.  At

24   no time did our discussion preclude Plaintiff's counsel from filing any pleading before

25   this Court, including a motion for leave to file a third amended complaint.

26       8.    Plaintiff's counsel bases his proposed Third Amended Complaint on the

27   allegation that Plaintiff purportedly submitted his work to Relativity Management in

28   2005 and that Rogue Pictures, the producer of *The Unborn*, is an affiliate of

3

2:10-cv-05650 DSF (AJWx)

1   Relativity Media.  However, at the time Rogue Pictures produced *The Unborn*, it was

2   a division of Focus Features, an affiliate of Universal Pictures with no relationship to

3   Relativity Media.    The acquisition of Rogue Pictures by Relativity Media was

4   completed in late December 2008 and announced on January 4, 2009.  *The Unborn*

5   was released on January 9, 2009.  Attached hereto as <u>Exhibit A</u> is a copy of a business

6   record from Rogue Pictures reflecting that principal photography on *The Unborn* was

7   completed on May 2, 2008, and that the picture was delivered on November 14, 2008.

8   Attached hereto as <u>Exhibit B</u> is a copy of a New York Times article and a press

9   release issued by Relativity Media, both dated January 4, 2009, regarding the

10  acquisition of Rogue Pictures by Relativity Media.

11        9.    Thus, apart from the fact that, as the Court has already found, the works

12  at issue are not substantially similar as a matter of law, there is no facial plausibility

13  that any submission to Relativity Management in 2005 could be the basis of a breach

14  of implied contract in connection with *The Unborn*, as it was produced by Rogue

15  Pictures <u>before</u> Rogue Pictures was acquired by Relativity Media.  Indeed, I explained

16  the foregoing to Plaintiff's counsel, orally and in writing, well before he made the

17  pending *ex parte* application.

18        I declare under penalty of perjury under the laws of the United States of

19  America that the foregoing is true and correct and that this was executed in Los

20  Angeles, California on November 30, 2011.

21

22                                    _____/s/Gail Migdal Title_____

23

24

25

26

27

28

Katten
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

4

# EXHIBIT A



## THE UNBORN

POST PRODUCTION SCHEDULE V 2.0 – 23 WEEKS – (8/11/08)

| | | | |
|---|---|---|---|
| **Principal Photography** | 3/3/08 | to | 5/2/08 |
| **Post Production** | 5/5/08 | to | 10/10/08 |
| **Delivery** | 10/13/08 | to | 11/14/08 |
| **Release** | | | tbd |

| | | | |
|---|---|---|---|
| DIRECTOR'S CUT SCREENING | | | 7/22/08 |
| F&F SCREENING #1 | | | 7/28/08 |
| F&F SCREENING #2 | | | 8/11/08 |
| LOCK PICTURE FOR PREVIEW #1 | | | 8/12/08 |
| NRG PREVIEW #1 | | | 8/20/08 |
| LOCK PICTURE | | | 8/29/08 |
| MPAA | | | 9/4/08 |
| DI COLOR GRADING (8 DAYS) | 9/15/08 | to | 9/24/08 |
| SCORE RECORD | 9/18/08 | to | 9/22/08 |
| FX / FOLEY PRE-DUBB (7 DAYS) | 9/18/08 | to | 9/26/08 |
| DIALOGUE / ADR PRE-DUBB (7 DAYS) | 9/18/08 | to | 9/26/08 |
| FINAL DUBB (9 DAYS) | 9/29/08 | to | 10/9/08 |
| STEM SCREENING | | | 10/7/08 |
| PRINTMASTER SR/SRD/DTS | | | 10/10/08 |
| M&Es | | | 10/14/08 |
| FINAL DI COLOR GRADING (2 DAYS) | 10/13/08 | to | 10/14/08 |
| I.P. #1 | | | 10/28/08 |
| I.N. #1 | | | 10/30/08 |
| REL. PRINTS AVAILABLE | | | 11/14/08 |

UNB ONE LINER v2.0.doc

# EXHIBIT B

Universal Sells Rogue Pictures for $150 Million - NYTimes.com     Page 1 of 3
Case 2:10-cv-05650-DSF -AJW   Document 68-1   Filed 11/30/11   Page 8 of 10   Page ID
#:865

HOME PAGE | TODAY'S PAPER | VIDEO | MOST POPULAR | TIMES TOPICS |

Subscribe: Home Delivery / Digital   Log In   Register Now

The New York Times

# Media & Advertising

Search All NYTimes.com   Go

WORLD   U.S.   N.Y. / REGION   BUSINESS   TECHNOLOGY   SCIENCE   HEALTH   SPORTS   OPINION   ARTS   STYLE   TRAVEL   JOBS   REAL ESTATE   AUTOS

Search Business       Go

Financial Tools
Select a Financial Tool

More in Business »
World Business | Markets | Economy | DealBook | Media & Advertising | Small Business | Your Money

3% CASH BACK AT DEPARTMENT STORES

## Universal Sells Rogue for $150 Million

By MICHAEL CIEPLY
Published: January 4, 2009

LOS ANGELES — In a deal that signifies further reordering in Hollywood's specialty movie business, the Universal Pictures unit of General Electric completed its sale of Rogue Pictures, a maker and distributor of lower-cost films, to Relativity Media for about $150 million.

The deal closed quietly just before Christmas and was disclosed by the companies on Sunday.

The transaction pointed toward G.E.'s willingness to bolster profit from an asset sale. It also signals the continued viability of Relativity, a private production and financing company, which has been in a dispute with one of its major lenders.

**Add to Portfolio**

General Electric Co
Vivendi

Go to your Portfolio »

It was a welcome sign of health in the independent film business, or at least the part that trades heavily in audience-pleasing action and horror films.

Rogue was a division of Focus Features of Universal. Universal is a unit of NBC Universal, which is 80 percent owned by G.E. The balance is owned by the French company Vivendi.

Rogue had success in distributing films like "The Strangers," a thriller that had $52.6 million in domestic ticket sales last year, and "Balls of Fury," an action comedy that took in $32.9 million at the box office in 2007. But NBC Universal sold the operation as G.E. pressured all of its business units to enhance profitability.

It remains unclear if G.E. will take another step in revamping its entertainment business, though speculation has been widespread that the conglomerate might try something as aggressive as a spinoff of its movie and television operations over the next year. The Rogue sale allows the studio to profit from the continued distribution of the unit's movies without the cost of investing in their production and development.

Relativity and Citigroup Global Markets, its major lender, were involved in lawsuits over the terms of loans that support the financier's investment in films for Hollywood studios.

Relativity has been a major backer of films for Universal, Sony and others. The company has agreed to provide about $3 billion in financing for Universal films through 2015 and has already contributed to recent releases, including "Frost/Nixon" and "Role Models."

"It doesn't actually change the character of our company. It just further expands the

More Articles in Business »

**Get DealBook by E-Mail**

Sign up for the latest financial news delivered before the opening bell and after the market close.

See Sample | Privacy Policy       Sign Up

Ads by Google       what's this?

**2012 Rogue Pricing**
Find out What You Could Be Paying For a New 2012 Nissan Rogue!
Nissan.WhyPaySticker.com

**Movie Director Class**
Become a Movie Director with a Degree from LA Film. Request Info.
www.lafilm.com

**2011 Rogue Closeout**
Prices Slashed On 2011 Nissan To Meet Sales Goals! Get Your Discount
www.nissan.car.com

**Save Your Videos | $9.99**
Convert Your Old Home Videos Now With iMemories Before They are Gone
iMemories.com

**Nissan Rogue Prices**
Find out our Lowest Possible Price on an All-New Nissan Rogue!
Nissan.CarPriceSecrets.com

**2011 Nissan Rogue Sale**
Nissan Dealers Must Move Rogue Inventory. See New Nissan Deals!
NissanRogue.Auto-Price-Finder.com

Advertise on NYTimes.com

MOST POPULAR - BUSINESS

E-MAILED | BLOGGED | VIEWED

1. A New Shot at Mortgage Relief
2. 6 Central Banks Act to Buy Time in Europe Crisis
3. DealBook: On Wall Street, Some Insiders Express Quiet Outrage
4. Ratings Firms Misread Signs of Greek Woes
5. DealBook: For 92nd St. Y, a Break From Wall St. Worry
6. Inflation Fears Easing, China's Central Bank Turns to Lifting Growth
7. DealBook: In Chapter 11, a Bid to Cut Costs at American Airlines
8. You're the Boss: Why a Mediocre Web Site Is So Dangerous
9. But Nobody Pays That: A Family's Billions, Artfully Sheltered
10. Banks Act, Stocks Surge and Skeptics See a Pattern

Universal Sells Rogue Pictures for $150 Million - NYTimes.com                    Page 2 of 3
Case 2:10-cv-05650-DSF -AJW   Document 68-1   Filed 11/30/11   Page 9 of 10   Page ID
#:866

business plan," Ryan Kavanaugh, Relativity's chief executive, said Sunday. Mr. Kavanaugh said he expected Rogue to produce a wider range of supernatural horror and other films than it had made under Universal, which occasionally restricted the unit's offerings to keep it from competing with the main studio operation.

Go to Complete List »

Kori Bernards, a spokeswoman for Universal, declined to elaborate on the terms of the sale.

With Rogue, Relativity acquires a library of about 25 films, along with about 30 development projects and a valuable distribution arrangement with Universal. Rogue also has a producing deal with Wes Craven, a prolific maker of horror films whose next picture for the studio is "25/8," a serial killer thriller scheduled for release this year.

The independent film business had a huge shakeout last year after Time Warner closed its Warner Independent and Picturehouse units and severely cut back New Line Cinema. In addition, Viacom shrank the Paramount Vantage operation of Paramount Pictures.

Still, companies like Lionsgate and Sony Pictures' Screen Gems unit — which have focused on lower-cost films that appeal to fans of horror, action and other reliable genres — have remained relatively robust.

Rogue's next planned release is "Unborn," a thriller about people pursued by a horrific curse, which was written and directed by David S. Goyer and is set to open Friday.

A version of this article appeared in print on January 5, 2009, on page B3 of the New York edition.

More Articles in Business »

ADVERTISEMENTS

The Neediest Cases — Help New Yorkers in need. Donate Today.
Donate Now

SAVE 50% ON HOME DELIVERY OF THE WEEKENDER   The New York Times   SUBSCRIBE NOW ▶

 The finest journalism in Chicago? The New York Times — Save 50% on home delivery plus FREE All Digital Access.

Ads by Google                    what's this?

Small Businesses HR
Save money, time, resources.
Awesome perks employees need.
www.betterworks.com

Ads by Google                    what's this?

iUniverse Official Site
Get Published Professionally Today.
Request Free Publishing Guide Now.
www.iUniverse.com

INSIDE NYTIMES.COM

Past Coverage
Universal Pictures Sells Division for $150 Million (January 5, 2009)

Related Searches
Rogue Pictures          Get E-Mail Alerts
Universal Pictures      Get E-Mail Alerts
NBC Universal           Get E-Mail Alerts
Motion Pictures         Get E-Mail Alerts

VIDEO GAMES »          WORLD »          OPINION »          SPORTS »          OPINION »          HEALTH »



Op-Ed: What Would Gandhi Do?
Gandhi would reject Occupy Wall Street's division between the 99 percent and the 1 percent; he did not believe in enemies.







Nostalgia Trip With an Old Friend          Qatar's Capital Glitters, but Few Feel at Home          Concessions Move Into the Courtroom          Op-Ed: How to Free Congress's Mind          How Exercise Benefits the Brain

Home  World  U.S.  N.Y./Region  Business  Technology  Science  Health  Sports  Opinion  Arts  Style  Travel  Jobs  Real Estate  Automobiles  Back to Top



HOME | ABOUT | FILM | TV | DIGITAL | MUSIC | SPORTS | CHARITY | NEWS |
CONTACT

**NEWS**

### RELATIVITY MEDIA BUYS ROGUE PICTURES

01.04.2009

Relativity Media, LLC has purchased Rogue Pictures from Universal Pictures, CEO Ryan Kavanaugh announced today.  With this deal, Relativity has acquired Rogue's entire library, its more than 30 projects in development and ownership of its producing deals, including the legendary horror mastermind, Wes Craven and Intrepid.

The first picture set for release under this new deal is writer/director David S. Goyer's (The Dark Knight) new horror film, The Unborn, produced by Michael Bay and his Platinum Dunes production company. The Unborn is a supernatural thriller that follows Casey (Odette Yustman) a young woman pulled into a world of nightmares when a demonic spirit haunts her and threatens everyone she loves. Plagued by merciless dreams and a tortured ghost that haunts her waking hours, Casey learns that the spirit may be the soul of her unborn twin brother and must turn to the only person who can make it stop.- Rabbi Sendak (Gary Oldman). The Unborn opens January 9, 2009.

Relativity expects to release three additional pictures in 2009, including Craven's thriller 25/8, and release a minimum of two films per year each year thereafter. Relativity's President of Production Tucker Tooley and his team will oversee all future productions.  As part of the deal Universal will continue to handle distribution of Rogue Pictures for most of the world.  Today's announcement comes on the heels of Relativity's landmark equity partnership with Universal (announced earlier this fall) where Relativity will fund a substantial part of Universal's upcoming slate until 2015.

"Rogue is a recognized brand worldwide," said Kavanaugh. "They've had success in the horror space in particular, which is something we can expand upon. This purchase allows us to pair our production and finance abilities alongside Universal's extraordinary marketing and distribution team, under the umbrella of a strong and highly-focused brand."

Said Michael Joe, Executive Vice President of Universal Pictures, ""Relativity is acquiring a strong, profitable business, and we are pleased to be working with them to continue marketing and distributing Rogue films. We know Ryan and his team will continue to ensure Rogue has an opportunity to flourish."

Founded in 2004 by David Linde and James Schamus, Rogue Pictures is devoted to producing high-quality suspense, action, thriller, comedy and urban entertainment with mainstream appeal and franchise potential. Past hits include: Strangers, Waist Deep, The Hitcher, Balls of Fury, Dave Chapelle's Block Party, Unleashed, Doomsday, Fearless, Assault on Precinct 13.

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )   ss
COUNTY OF LOS ANGELES        )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Katten Muchin Rosenman, 2029 Century Park East, Suite 2600, Los Angeles, CA 90067-3012. On November 28, 2012, I served the within documents:

**SUPPLEMENTAL EXCERPTS OF RECORD**

     **BY HAND DELIVERY/PERSONAL SERVICE** – I caused said document(s) to be personally served to the addressee listed below.

X  **BY U.S. MAIL -** by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

     **By OVERNIGHT COURIER**, I caused the above-referenced document(s) to be delivered to an overnight courier service (Overnite Express), for delivery to the below address.

| | |
|---|---|
| **Steven T. Lowe, Esq.** | **Office of the Clerk** |
| **Lowe Law, a Professional Corporation** | **James R. Browning Courthouse** |
| **11400 Olympic Blvd., Suite 640** | **U.S. Court of Appeals** |
| **Los Angeles, CA 90064** | **P.O. Box 193939** |
| | **San Francisco, CA 94119-3939** |
| **1 copy** | |
| | **4 copies** |

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prep aid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

     I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

     Executed on November 28, 2012, at Los Angeles, California.

_Kathy Cornejo_
KATHY CORNEJO